OCFBrook Holdings, LLC v TKS Brooklyn Ctr. Holding, LLC
2026 NY Slip Op 03235
May 21, 2026
Appellate Division, First Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

OCFBrook Holdings, LLC, Plaintiff-Appellant,
v
TKS Brooklyn Center Holding, LLC et al., Defendants, Shaul Sprung et al., Defendants-Respondents.

Decided and Entered: May 21, 2026
Index No. 154460/24|Appeal No. 6705|Case No. 2025-06103|
Before: Moulton, J.P., González, O'Neill Levy, Chan, Hagler, JJ.

Harris Beach Murtha Cullina PLLC, New York (Brian D. Ginsberg of counsel), and Sbaiti & Company PLLC, Dallas, TX (Mazin Sbaiti of counsel), for appellant.
The Silber Law Firm, LLC, Brooklyn (Meyer Y. Silber of counsel), for Shaul Sprung, respondent.
Jacobowitz Newman Tversky LLP, Cedarhurst (Gabriel S. Rosenberg of counsel), for Benjamin Schlossberg and Bernard S. Bertram, respondents.

[*1]
Order, Supreme Court, New York County (Anar R. Patel, J.), entered September 18, 2025, which granted the motions of defendants Benjamin Schlossberg, Bernard S. Bertram (together, the Shelborne defendants), and Shaul Sprung for summary judgment dismissing the complaint against them, and denied plaintiff's motion for partial summary judgment dismissing defendants' affirmative defenses, unanimously modified, on the law, to deny the branches of defendants' motions based on the doctrine of res judicata, grant plaintiff's motion to the extent of dismissing the Shelborne defendants' tenth, twelfth, thirteenth and fourteenth affirmative defenses, and Sprung's tenth and eleventh affirmative defenses, and remand the matter to address the remaining grounds raised by the parties' respective motions, and otherwise affirmed, without costs.
Supreme Court should not have granted summary judgment dismissing the complaint based on the doctrine of res judicata. Defendants failed to establish that the prior Minnesota proceeding would preclude an action to enforce a deficiency against defendant guarantors (see Fort Cre 2022-FL3 Issuer LLC v Karasick, 247 AD3d 410 [1st Dept 2026]; Federal Deposit Ins. Corp. v De Cresenzo, 207 AD2d 823, 824 [2d Dept 1994]; see also Geneva JPM 2003-PM1, LLC v Geneva FSCX I, LLC, 843 NW2d 263, 266 [Minn Ct App 2014]). In any event, several provisions of the guaranty and governing documents potentially allow plaintiff to enforce the guaranty at any time, even after a foreclosure. To the extent that defendant guarantors contend that the guaranty's waiver and other provisions, such as paragraph 5(a) of the guaranty, were inactive unless and until the borrower was adjudicated to be liable (cf. Madison Ave. Leasehold, LLC v Madison Bentley Assoc. LLC, 30 AD3d 1, 10-11 [1st Dept 2006], affd 8 NY3d 59 [2006]), the Minnesota proceeding did not address those issues. Therefore, plaintiff was not precluded from litigating in this action whether the guaranty was triggered.
Supreme Court, however, should have granted plaintiff's motion to the extent it sought dismissal of certain of defendants' affirmative defenses. Specifically, the Shelborne defendants' tenth and fourteenth defenses should have been dismissed because they do not constitute affirmative defenses (see Kirton v City of New York, 234 AD3d 439, 440 [1st Dept 2025]). Similarly, the Shelborne defendants' twelfth and thirteenth affirmative defenses should be dismissed as each of these defenses is either not recognized as a defense or relates to an element of plaintiff's claim (see Viacom Intl. v Midtown Realty Co., 235 AD2d 332, 332-333 [1st Dept 1997]). Sprung's tenth and eleventh defenses likewise relate to matters that plaintiff must affirmatively prove, and therefore should also be dismissed (see Kirton, 234 AD3d at 440).
[*2]
Because Supreme Court dismissed the complaint solely on res judicata grounds, it did not consider and explicitly address defendants' remaining arguments that they established as a matter of law that this was a "springing" guaranty whose applicable provisions were not yet triggered. Nor did the court address plaintiff's various arguments for dismissal of the other affirmative defenses. Accordingly, the matter is remanded for consideration of the parties' remaining arguments.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 21, 2026